Brad C. Westlye (BW7171)
Attorney at Law
225 East 96th Street 6R
New York, New York 10128
(212) 831-7168
bwestlye@westlyelaw.com

Attorney for Defendant:
Penn-Star Insurance Company,
sued herein as Penn Star Insurance Co.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DANIEL INTERLANDI,

      Plaintiff,

- against -

BUDGET TRUCK RENTAL, LLC, PERFECT CAR
RENTAL, BUDGET TRUCK TRUST I,
BUDGET TRUCK FUNDING, LLC,
ACE AMERICAN INSURANCE COMPANY,
LUXE EVENT RENTAL, LLC, LUXE LIVING
DESIGN, LLC, and PENN STAR INSURANCE CO.,

      Defendants.
-------------------------------------------------------------------X

Action No.: _____

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
§ 1446

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Penn-Star Insurance Company sued herein as Penn Star Insurance Co. ("Penn-Star" or "Petitioner") hereby removes to this Court the New York State Court action described below under 28 U.S.C. § 1446.

**1.      JURISDICTION**

On March 9, 2015, plaintiff Interlandi filed in the Supreme Court of the State of New York in and for the County of Kings an action styled *Interlandi v. Budget Truck Rental, LLC, et al.*, No. 502702/2015 (the "*Interlandi* Insurance Action"). A true and correct copy of the Summons and Complaint in the *Interlandi* Insurance Action is attached hereto as Exhibit A. The *Interlandi* Insurance Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one that may be removed to this Court by Petitioner pursuant to the provisions of 28 U.S.C. §1446 in that, as explained within, as to the only insurance company defendants, is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.      AMOUNT IN CONTROVERSY**

With a breach of contract cause of action, Interlandi alleges entitlement to $6 million of insurance proceeds from Penn-Star as Luxe Living Design's commercial general and umbrella liability insurer for injuries he sustained as a pedestrian in a motor vehicle accident that is the subject of an underlying tort case. (Exhibit A, Complaint, Par. 42 and 51.) Also with a breach of contract cause of action, Interlandi alleges entitlement to $1 million of insurance proceeds from ACE American Insurance Company and Budget Truck Rental LLC, et al. as the insurers who provided supplemental liability insurance for a rented truck that was later involved in the motor vehicle accident that is the subject of an underlying tort case. (Exhibit A, Complaint, Par. 38.) Interlandi seeks declaratory judgment that the insurers are obligated to provide coverage to their insureds, presumably, so that they may pay the policy limits to Interlandi in settlements of the underlying tort action. The amount in controversy thus exceeds $75,000.

B.  **DIVERSITY OF CITIZENSHIP OF PLAINTIFF AND PETITIONER**

On information and belief, plaintiff Interlandi is a citizen of New York for purposes of determining diversity jurisdiction.  (Exhibit A, Complaint, Par. 8.)

In contrast, the only actual insurance company defendants to the *Interlandi* Insurance Action are citizens of states other than New York.  Penn-Star Insurance Company was at the time the *Interlandi* Insurance Action was filed, and still is, a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.  (Exhibit B, Certificate of Good Standing from the Commonwealth of Pennsylvania, Department of State of Penn-Star Insurance Company; Exhibit C, printout of excerpts from the Excess Lines Association of New York website at (http://www.elany.org/es.aspx?m=elf) listing Penn-Star Insurance Company as an eligible excess lines insurer in New York and stating its state of domicile and Home Office are in Pennsylvania); Exhibit D, printout of excerpts from the National Association of Insurance Commissioners' website at (https://eapps.naic.org/cis/companySearch.do) stating that Penn-Star Insurance Company's Home Office is in Pennsylvania.)

ACE American Insurance Company was at the time the *Interlandi* Insurance Action was filed, and still is, also a Pennsylvania insurance company having its principal place of business in Philadelphia, Pennsylvania.  (Exhibit E, printout of excerpts from the New York State Department of Financial Services website at (https://myportal.dfs.ny.gov/companydirectory/dir_srch_optiono.jsp) stating that ACE American Insurance Company is domiciled in Pennsylvania, and its address is in Philadelphia, Pennsylvania; Exhibit F, printout of excerpts from the National Association of Insurance Commissioners' website at (https://eapps.naic.org/cis/companySearch.do) stating that ACE American Insurance Company's Home Office is in Pennsylvania.)

The *Interlandi* Insurance Action is related to a tort action in the Supreme Court for the

State of New York in an action titled *Interlandi v. Luxe Event Rental LLC, et al.,* Kings County Supreme Court Index No. 503889/2013 which was filed on or about July 11, 2013 (Exhibit A, Complaint, Par. 1; Exhibit G, Complaint; Exhibit H, Amd. Complaint). In the *Interlandi* Tort Action, plaintiff alleges that on June 1, 2013, as a pedestrian he was struck by a motor vehicle and sustained bodily injuries (Exhibit A, Complaint, Par. 6; Exhibit G, Complaint, Par. 14; Exhibit H, Amd. Complaint, Par. 11). Plaintiff alleges the truck involved in the accident was owned by Budget Truck Rental, et al. and operated by Odilidzoh Muminov, who was then in the course of employment for at least six employers, one of whom was Penn-Star's insured, Luxe Living Design (Exhibit G, Complaint, Par. 14-16; Exhibit H, Amd. Complaint, Par. 12-18). The underlying tort action remains pending (Exhibit I, Docket of the *Interlandi* Tort Action, Request for Judicial Notice).

  The non-insurance company defendants to the *Interlandi* Insurance Action, including: Budget Truck Rental, LLC, Perfect Car Rental, Budget Truck Trust I, Budget Truck Funding, LLC, Luxe Event Rental, LLC, and Luxe Living Design, LLC are all defendants to the *Interlandi* Tort Action. While Interlandi alleges essentially that the "Budget Truck Rental defendants" are insurers (Exhibit A, Complaint, Par. 38), documents available to the Court by judicial notice show they are not insurance companies (Exhibit J, printout of excerpts from the New York State Department of Financial Services website at (https://myportal.dfs.ny.gov/companydirectory/dir_srch_optiono.jsp) containing no entry for an insurance company with its name starting with the word "Budget"; Exhibit K, printouts of excerpts from the National Association of Insurance Commissioners' website at (https://eapps.naic.org/cis/companySearch.do) returning no results for insurance companies whose name starts with "Budget", "Budget Truck Rental", "Perfect Car Rental", etc.). Budget Truck Rental, LLC is, however, an insurance agent of ACE American Insurance Company in

New York (Exhibit L, printouts of excerpts from the New York State Department of Financial Services website at (https://myportal.dfs.ny.gov/nylinxext/elsearch.alice).  Under New York law, insurance agents are not parties to the insurance policies they transact, and are not liable for any breach thereof by the insurer.  See, *Carcone v. D'Angelo Insurance Agency*, 302 A.D.2d 962, 755 N.Y.S.2d 172 (4th Dep't 2003) (Insurance Law §3420 creates rights against insurers, not against agents or brokers).

The other parties to the *Interlandi* Insurance Action are not insurance companies.  Yet, the *Interlandi* Insurance Action seeks damages from the insurers, and declaratory judgment that the insurers are obligated to pay Interlandi their limits of liability.  The non-insurer defendants are therefore "straw" or "fraudulently joined" defendants.  "Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." M*cCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "The defendant seeking removal to the federal court is entitled to present the facts," by way of pleadings and sworn declarations, "showing the joinder to be fraudulent."  *Id.*  "Removal to federal court will be sustained if a defendant demonstrates there is no possibility that the plaintiff will be able to state a cause of action against the non-diverse defendant."  *Icasiano v. Allstate Ins. Co.*, 103 F.Supp.2d 1187, 1188 (N.D. Cal. 2000).  The non-insurer defendants to the *Interlandi* Insurance Action are all also defendants to the underlying tort action.  There can no benefit to suing them again in a separate action.

While Interlandi alleges controversies concerning the insurance contracts to which he is not a party (as is apparent from his contention that he was struck by a motor vehicle as a pedestrian, and that he is a third-party beneficiary to the policies), unless he first obtains a judgment against the insureds to the insurance policies, New York law establishes he is not a

5

third-party beneficiary. *Browdy v. State-Wide Ins. Co.,* 289 N.Y.S.2d 711, 56 Misc.2d 610 (1968) ("Except as section 167 [now 3420] of the Insurance Law gives the judgment creditor a right of action, he is not a third-party beneficiary of the contract of insurance obtained by the insured"). Interlandi can sue for his own rights, but he lacks standing to assert the rights of others (*Caprer v. Nussbaum,* 36 A.D.3d 176, 182 (2d Dept. 2006) (a plaintiff generally has standing only to assert claims on his own behalf). Consequently, Interlandi lacks standing to sue insurers alleging disputes as to policies to which Interlandi is not a party. Interlandi lacks standing to sue alleging other "defendants" are entitled to insurance coverage from Penn-Star and/or ACE American related to the motor vehicle accident. If these controversies exist, the non-insurer defendants should be realigned in the *Interlandi* Insurance Action as plaintiffs.

Interlandi is not a judgment creditor of any of the defendants (Exhibit I, docket from the *Interlandi* Tort Action) as would be necessary for him to sustain a direct action against a defendant's liability insurer. An action by the injured person against another's liability insurer exists solely on the basis of the special statutory provision under Insurance Law §3420. *Holmes v. Allstate Ins. Co.,* 33 A.D.2d 96, 305 N.Y.S.2d 563 (1st Dep't 1969). "Plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer, and the statutory right created in Insurance Law §3420 arises only after plaintiff has obtained a judgment in the underlying personal injury action." *Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 3 N.Y.3d 350, 355, 787 N.Y.S.2d 211 (N.Y. 2004).

The only substantive, real, and possibly appropriate defendants to this action therefore are the insurers Penn-Star Insurance Company and ACE American Insurance Company, and their citizenship presents complete diversity for purposes of invoking federal jurisdiction. Plaintiff is a citizen of New York; while defendants Penn-Star and ACE American are citizens of Pennsylvania. Furthermore, even if Budget Truck Rental LLC is an insurer, which it is not, as is

essentially alleged in the *Interlandi* Insurance Action, Budget Truck Rental LLC is a New Jersey business entity (Exhibit A, Complaint, Par. 9) with the Home State of New Jersey (Exhibit M). There would still be complete diversity of citizenship between the plaintiff and the substantive defendants.

C. **VENUE**

Pursuant to 28 U.S.C. § 1446, this action is properly removed to the Eastern District of New York because the *Interlandi* Insurance Action was filed in Kings County, which is within the district of the Eastern District Court.

2. **SERVICE OF COMPLAINT**

Penn-Star Insurance Company was personally served with the Summons and Complaint to the *Interlandi* Insurance Action on March 16, 2015 in Bala Cynwyd, Pennsylvania (Exhibit N). That was the first time that Penn-Star received a copy of the Summons and Complaint in the *Interlandi* Insurance Action. I am informed and believe that defendant ACE American Insurance Company has not yet been served with the Summons and Complaint.

At this time, the Supreme Court file in the *Interlandi* Insurance Action contains the Summons and Complaint, but no other documents. There are no affidavits of service or returns of the Summonses. The defendants to the present case have not filed any documents in the *Interlandi* Insurance Action in Kings County.

3. **ON DEFENDANTS' CONSENT TO THE REMOVAL PETITION**

Penn-Star Insurance Company seeks to have the *Interlandi* Insurance Action removed to the Eastern District of New York and have the Federal Court decide the action. The only other real and non-straw or non-fraudulently joined defendant, ACE American Insurance Company, has not been served with the Summons for the case, and until it is, it is not a party to the action. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) (a defendant is not an

official party to a suit until service of process is properly executed). Consent from ACE American therefore should not be required, and that means Penn-Star is the only real defendant in interest. Budget Truck Rental has declined to consent to Penn-Star's removal petition, but it is a straw defendant and a non-insurer in the *Interlandi* Insurance Action which ostensibly seeks $7 million from insurance companies. The removal petition should not be denied because of the lack of consent of "defendants" who have not been served, or because of the refusal of straw defendants to agree to have the case heard in Federal Court.

WHEREFORE Petitioner Penn-Star Insurance Company prays that this Court remove the *Interlandi* Insurance Action from the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. §1446 and for any other relief the Court deems just and proper.

April 15, 2015
New York, New York

By: _____
Brad C. Westlye (BW7171)
Attorney for Defendant
PENN-STAR INSURANCE COMPANY SUED
HEREIN AS PENN STAR INSURANCE CO.
(212) 831-7168
bwestlye@westlyelaw.com